**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JENNA HOSCHKE, DEVON AUERBACH,
TARA INZINNA, and CHRISTINA RIVERA,

                              *Plaintiffs*,

                -against-

BELFAST GASTRO PUB INC., DAVID CROWE, an
individual, and ROBERT FORTIER, an individual,

                              *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM**
**AND ORDER**
23-cv-06059 (JMW)

**A P P E A R A N C E S:**

    Steven Arenson, Esq.
    Anna Goldstein, Esq.
    Avi Mermelstein, Esq
    **Arenson Dittmar & Karban**
    420 Lexington Avenue
    Suite 1402
    New York, NY 10170
    *Attorneys for Plaintiffs*

    Daniele D. De Voe, Esq.
    Hillary Massey, Esq.
    **Sahn Ward Braff Koblenz PLLC**
    333 Earle Ovington Blvd
    Uniondale, NY 11553
    *Attorneys for Defendants*

    Emili Kilom, Esq.
    **Martenson, Hasbrouck & Simon LLP**
    40 Exchange Place
    Ste 1502
    New York, NY 10005
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Plaintiffs Jenna Hoschke ("Hoschke"), Devon Auerbach ("Auerbach"), Tara Inzinna ("Inzinna"), and Christina Rivera ("Rivera" and collectively, "Plaintiffs"), are individuals who were employed by the Defendants, commenced this action on August 10, 2023 against Defendants Belfast Gastro Pub Inc. ("Belfast"), a New York corporation with its principal place of business located at 101 N Wellwood Ave, Lindenhurst, NY 11757, David Crowe ("Crowe"), an individual who co-owns Belfast, and  Robert Fortier ("Fortier"), an individual who co-owns Belfast (collectively, "Defendants"), alleging: (i) unpaid minimum wages under the FLSA against Defendants, (ii) unpaid overtime under the Fair Labor Standards Act ("FLSA") against Defendants, (iii) unpaid minimum wages under the New York Labor Law ("NYLL"), (iv) unpaid overtime under NYLL against Defendants, (v) failure to provide wage notices under NYLL against Defendants, (vi) failure to provide wage statements under NYLL against Defendants; (vii) spread of hours pay under NYLL against Defendants, (viii) unlawful tip retention under FLSA against Defendants, (ix) unlawful tip retention under NYLL against Defendants, (x) retaliation under FLSA against Defendants, and (xi) retaliation under NYLL against Defendants, all arising out of Plaintiffs' employment with the Defendants. Specifically, Plaintiffs allege under the FLSA and NYLL that Defendants failed to pay minimum and overtime wages for the weeks worked over forty (40) hours, failed to provide Plaintiffs with written wage notices and tip credits, failure to pay extra hour wages for days that surpassed ten (10) hours of work, that Defendants retained the Plaintiffs' tips unlawfully, and Defendants' retaliation against Plaintiffs Hoschke and Inzinna. (ECF No. 32 at 5-8.) [1]

---

[1] This action is predicated on federal jurisdiction under 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdictional under 28 U.S.C. § 1367 for the NYLL claims.

On March 19, 2025, Defendants filed a letter motion requesting a Pre-Motion Conference for its proposed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 38.) The Defendants subsequently moved to stay discovery pending the outcome of their proposed Motion to Dismiss (ECF No. 40). Plaintiffs filed their opposition to the Pre-Motion Conference request (ECF No. 41). Plaintiffs then also filed their opposition to the motion to stay. (ECF No. 43.)  Accordingly, now before the Court is Defendants' Motion to Stay (ECF No. 40). For the reasons stated herein, Defendants' motion to stay discovery pending the proposed motion to dismiss (ECF No. 40) is **DENIED**.

## BACKGROUND

Plaintiffs' action arises out of their employment at Belfast. Plaintiff Hoschke worked as a waitress on or about March 2021 through May 2023. (ECF No. 32 at ¶ 7.). Hoschke was scheduled four to six days per week and approximately twenty-five to forty-five hours at a rate of $25 per shift, plus tips. (*Id.* at ¶¶ 8-9.). Plaintiff Auerbach worked as a bartender on or about March 30, 2021, through December 20, 2022. (*Id.* at ¶ 10.). Auerbach worked five days a week and approximately thirty-five to fifty hours at a rate of $25 per shift, plus tips. (*Id.* at ¶¶ 11-12.). Plaintiff Inzinna worked as a waitress on or about March 10, 2021, through July 25, 2023. (*Id.* at ¶ 13). Inzinna worked six days a week typically and approximately forty-five to sixty hours at a rate $25 per shift, plus tips. (*Id.* at ¶¶ 14-15.). Plaintiff Rivera worked as a waitress on or about June 2021 through October 2022. (*Id.* at ¶ 16.) Rivera worked three days a week from June 2021 through May 2022, which decreased to one day a week from June 2022 through October 2022 at a rate of $25 per shift, plus tips. (*Id.* at ¶¶ 17-19.). Plaintiffs allege that Defendants did not pay minimum wage or premium overtime, did not permit Plaintiffs to take "uninterrupted half hour

for required meal breaks, even when Plaintiffs worked double shifts," and withheld tips. (*Id.* at ¶¶ 21-26.) As a result, Plaintiffs commenced this action on August 10, 2023[2]. (*See* ECF No. 1.)

## THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court.  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

---

[2] An Amended Complaint was filed on December 11, 2024. (ECF No. 32.)

It is against this backdrop that the Court considers the present application.

## ANALYSIS

### I.    *Defendants' Showing that Plaintiffs' Claims are Unmeritorious*

The question of whether defendants have shown that plaintiffs' claim is unmeritorious is critical in determining whether a stay is warranted. Accordingly, the Court considers the pre-motion letters filed in connection with Defendants' anticipated motion to dismiss.[3]

### A.  *Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1)*

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 819–20 (1997)).  The essence or "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The judicial power derived from Article III "exists only to redress or otherwise to protect against injury to the complaining party." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  The "irreducible constitutional minimum of standing" has three elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  A plaintiff "must show (i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan*, 504 U.S. at 560–61).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560).

---

[3] This analysis is not intended to pre-judge the motion to dismiss which is not yet briefed.  Rather, the analysis is based solely on the pre-motion letters filed and a review of the Complaint.  The conclusions reached here are for the purpose of determining whether a discretionary stay is appropriate.

To be concrete, the injury must actually exist and not be abstract, and to be particularized, the injury must affect plaintiff in a personal and individual way. *Spokeo*, 578 U.S. at 340. Regarding the causal connection element, a plaintiff must show that the injury is "fairly traceable to the challenged conduct of the defendant, and not the result of the independent action of some third party not before the court." *Atares Bais Yaakov Academy of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352–53 (2d Cir. 2023). Finally, for the redressability requirement, the plaintiff must show "that it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit." *Oliver v. American Express Co.*, No. 19-CV-566 (NGG) (SMG), 2020 WL 2079510, at *7 (E.D.N.Y. Apr. 30, 2020) (citations omitted). Specifically, "[w]hen the injury alleged is caused by the illegal conduct, in many instances (at least where continuation of the illegal conduct will continue to cause harm), the cessation of the illegal conduct will be likely to at least diminish further instance of the injury." *Id*.

Indeed, when a party moves to dismiss for lack of standing, the party is moving for lack of the Court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). To prevail against a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the "plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence." *Id.* A plaintiff bears the burden of "alleging facts that affirmatively and plausibly suggest that they have standing to sue." *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020) (cleaned up) (citation omitted).

Here, Defendants assert that the stay ought to be granted pending the proposed motion to dismiss because this Court lacks standing. Specifically, Defendants assert that there is no longer a case or controversy as a result of a recent New York State Department of Labor ("DOL") audit that covered the entire period of Plaintiffs' employment. (ECF No. 38 at 2.)  The DOL reviewed over 1,000 pages of Defendants' records and issued a final determination of any violations and issued a sum to be paid. (*Id.*) The audit "looked at minimum wage, overtime, spread of hours pay, wage notices, and the tip credit." (*Id.*) Defendants state that they made payment based on the DOL's findings and all Plaintiffs were included in this audit. (*Id.*) Thus, Defendants assert that Plaintiffs have been made whole, no longer have an interest in this action, and the action should be dismissed as moot. (*Id.* at 3.)

Plaintiffs vehemently deny that they lack standing. (ECF No. 41 at 2.) Plaintiffs assert that the DOL audit does not encompass the entirety of relief sought here. (*Id.* at 3.) Plaintiffs also state that they have not received any payment from the DOL. (*Id.*) Likewise, Plaintiffs reiterate that the DOL payment amount would not cover what is owed, namely, "the money owed to Plaintiffs for their minimum wage claims; [a]ny damages owed to Plaintiffs for periods worked prior to October 2021; [t]he full 100% liquidated damages sought by Plaintiffs for unpaid wages; [a]ny damages for illegal tip retention; [a]ny damages for failure to provide wage statements and notices; [a]ny damages owed Plaintiffs Hoschke and Inzinna for retaliation; [a]ttorney's fees and costs; or [p]rejudgment interest." (*Id.*)

Considering and treating Plaintiffs' claims as true for purposes of this motion, it appears that Plaintiffs have not received the redress that they seek. An injury still exists following the DOL's findings as Plaintiffs allege that even if Defendants paid the sum owed in the DOL audit, there is more relief available. In addition, Plaintiffs state that the DOL audit did not calculate

damages for their addition claims of unlawful tip retention, failure to provide proper wage

statements and notices, or retaliation. These allegations alone determine that Plaintiffs continue

to have personal stake with actual injury in the action. *See Blondell v. Bouton*, No. 17-CV-372

(RRM) (RML), 2019 WL 12338323, at *6 (E.D.N.Y. Mar. 29, 2019) (citing *Klein ex rel. Qlik

Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 221 (2d Cir. 2018) and quoting *Genesis

Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013)) ("A case becomes moot when 'an

intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit,

at any point during litigation after its initiation.'"). Having found that Plaintiffs remain to have a

personal stake, it appears that this case is not moot.

Defendants also argue that this Court lacked original jurisdiction and/or the Complaint

fails to state a cause of action for which relief can be granted under the FLSA. (ECF No. 38 at 3.)

Specifically, Plaintiffs brought wage violations under the FLSA and indicated that per shift they

would receive $25.00 plus tips or $50.00 plus tips for a "double shift," which equaled to $5.00

per hour. (*Id.*) Defendant alleges that pursuant to the FLSA, $2.13 per hour is the minimum wage

for a tipped employee. (*Id.*) Further, Plaintiffs did not include a claim that their hourly rates fell

under the federal minimum wage requirement. (*Id.*) With that, Defendants submit that Plaintiffs

failed to allege an injury under the FLSA. (*Id.*) As a consequence, Defendants ask this Court not

to exercise supplemental jurisdiction over the NYLL claims. (*Id.*)

Plaintiffs do not address the above argument made by Defendants. Rather, Plaintiffs state

that the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should fail because Defendants

availed "themselves of a tip credit towards their FLSA minimum wage obligations." (ECF No.

41 at 4.) Plaintiffs further cite authority regarding the lack of notice given for tip credits, and that

the retention of Plaintiffs' tips was illegally taken. (*Id.*) Therefore, Plaintiffs claim that their allegations will survive a motion to dismiss. (*Id.*)

Accepting Plaintiffs' factual allegations as true, the minimum wage claims have been adequately plead. Defendants' assertion that no injury was alleged under the FLSA is unsupported. In the Amended Complaint, Plaintiffs include that for weeks worked with 40 plus hours, no overtime was paid nor was minimum wage paid. Cases are properly dismissed under Fed. R. Civ. P. 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 375 (E.D.N.Y. 2011). This is not the case here. Plaintiffs have both a personal stake in the outcome of this litigation and have alleged that their claims meet the standards pursuant to the FLSA and NYLL. *See* ECF No. 32. Plaintiffs also assert that Defendants' illegal retention of tips and lack of notice thereof, meet the requirements for a minimum wage violation.

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are two different avenues that may be used to seek dismissal. However, lack of subject matter jurisdiction pursuant to 12(b)(1) is not the vehicle used to dismiss the merits of a plaintiff's claim based upon sufficiency of a pleading. Indeed, not every failure to state a claim translates to the Court lacking subject matter jurisdiction over the case. *See TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 48 (2d Cir. 2013) (explaining that a plaintiff's claim lacking merit, does not remove the Court's federal subject matter jurisdiction). "Whether [a plaintiff] is able to assert a valid claim under [a federal statute] is irrelevant to the question of whether the District Court has subject matter jurisdiction over her complaint." *Id.* (citing *Carlson v. Principal Fin. Grp.*, 320 F.3d 301, 307 (2d Cir. 2003))). Put simply, subject matter jurisdiction and failure to state a claim are independent analyses. Thus,

9

Defendants' arguments under 12(b)(1), that this Court lacked original jurisdiction because

Plaintiffs failed to allege an injury under the FLSA, are misguided.

Here, as a discussed below, Plaintiffs have sufficiently pleaded their claims, which in turn

provides this Court with jurisdiction to "redress harms that defendants cause plaintiffs."

*TransUnion*, 594 U.S. at 427 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329,

333 (CA7 2019)).   The FLSA claims arise under federal law, satisfying the jurisdictional hook.

28 U.S.C. § 1331.

### B. *Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6)*

Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly

dismissed where, as a matter of law, "the allegations in a complaint, however true, could not

raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  When considering a motion to

dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, "drawing all

reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145

(2d Cir. 2012).  However, this tenet does not apply to legal conclusions or "threadbare recitals of

a cause of action's elements." *Ashcroft v. Iqbal*, 556 U.S. at 663.  Pleadings that offer only

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555.  More is required.

Here, assuming the truth of the allegations as required, the undersigned finds that

Plaintiffs will likely survive a motion to dismiss. As set forth in Plaintiffs' Amended Complaint,

Plaintiffs were "employees" as defined by the FLSA, did not receive the minimum wages or overtime pay as they were entitled to, and unlawfully retained tips. (ECF No. 32 ¶¶ 59-61, 67, 96-97.) To adequately plead an FLSA claim, certain criteria is required.

> First, these provisions are binding only where there existed between the plaintiff and the defendant an employee-employer relationship. A complaint should allege that such a relationship existed in order to demonstrate the plaintiff's eligibility to recover damages. Second, the FLSA's minimum and overtime wage provisions apply only to employees whose work involved some kind of interstate activity. Third, where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received. Finally, where a plaintiff brings an FLSA claim "for and in behalf of himself ... and other employees similarly situated," the complaint should indicate who those other employees are, and allege facts that would entitle them to relief.

*Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (citations omitted); *see also Rosenbaum v. Meir,* 658 F. Supp. 3d 140, 146 (E.D.N.Y. 2023) (outlining the pleading requirements for FLSA claims).  First, Plaintiffs allege that they were employed during specific timeframes, which Defendants do not dispute in their letter motion or Answers. Second, Plaintiffs allege that Defendant Belfast is an "enterprise engaged in interstate commerce" and "engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including alcohol, soda, napkins, silverware, tables, chairs, and computers, and (2) an annual gross volume of sales in excess of $500,000." (ECF No. 32 at ¶ 30.) Third, Plaintiffs do allege that they did not receive their overtime wages. Fourth, each Plaintiff is included in the Amended Complaint. Plaintiffs have sufficiently plead their claims.

Likewise, Plaintiffs allege that pursuant to NYLL, Defendants failed to pay Plaintiffs minimum wage, overtime, failed to provide Plaintiffs with the required wage notices or wage statements, unlawfully retained tips, and the spread of hours pay. (*Id.* at ¶¶ 76, 80, 84, 88, 92,

11

102-104.) Plaintiffs Hoschke and Inzinna also set forth that Defendants retaliated against them by terminating their employment for complaining about the above violations pursuant to both the FLSA and NYLL. (*Id.* at ¶¶ 109-110, 114-115.) Defendants do not support their assertion that this Court should decline to use supplemental jurisdiction to hear the NYLL claims. Nor do Defendants address the merits of the remaining claims and thus, this Court follows suit. For the reasons discussed, this factor weighs *against* granting the stay.

## II.    *Breadth of Discovery*

Defendants state that the outstanding discovery is "broad and extensive." (ECF No. 40 at 4.) There will be at least 12 depositions, of which none have been taken. (*Id.*) Paper discovery has already begun, and this Court recently extended the deadline to complete fact depositions to June 13, 2025. *See* Electronic Order dated March 21, 2025. Moreover, the discovery timeframe is limited to the years of Plaintiffs' employment, which as alleged are from the years of 2021 to 2023, and thus, should not be a major undertaking or extremely burdensome. *See* ECF No. 32; *see also Idle Media, Inc. v. Create Music Grp., Inc.,* No. 1:24-cv-00805, 2024 U.S. Dist. LEXIS 107130, at *2 (S.D.N.Y. June 11, 2024) (denying motion to stay where movant failed to "explain why producing [two years' worth of] records, available electronically, would prove burdensome."); *Fahey v. Inc. Vill. of Manorhaven,* 22-cv-7041 (KAM) (JMW), , 2023 WL 2021019, at *2 (E.D.N.Y. Feb. 15, 2023) ("Defendants do not sufficiently address the breadth of discovery or the burdens of responding to such discovery.").  Based on an insufficient showing of burden, this factor weighs *against* granting the stay.

## III.    *Risk of Unfair Prejudice*

Plaintiffs urge this Court not to grant the stay, even if temporary, as it would be prejudicial. (ECF No. 43 at 5.)  This case has been pending for almost two years. The parties also spent eleven months attempting to settle this matter with the EDNY Mediation Program and then

12

in settlement conferences before the undersigned. Defendants primarily argue that Plaintiffs "will save time and resources that they will not be able to recoup if Defendants' motion is successful as any recovery by Plaintiffs and their counsel herein is tied to a monetary recovery in this action." (ECF No. 40 at 4.) Even though a stay would further extend the delay of discovery, *see Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (finding that a stay would cause additional discovery delays), "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be lifted upon the decision of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay would unlikely cause undue prejudice, but that alone does not warrant a stay.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 40) is **DENIED.** The parties are directed to appear for an in-person Pre-Motion Conference before the undersigned set for **April 23, 2025 at 11:30 AM** in Courtroom 1020 to address Defendants' proposed Motion to Dismiss (ECF No. 38) and to discuss discovery dates and deadlines in the case.

Dated: Central Islip, New York
          April 9, 2025

                                        S O   O R D E R E D:

                                        /S/ *James M. Wicks*
                                        JAMES M. WICKS
                                        United States Magistrate Judge

13