UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jenna Hoschke, Devon Auerbach, Tara Inzinna, and Christina Rivera<br><br>                      Plaintiffs,<br><br>  -against-<br><br><br>Belfast Gastro Pub Inc., David Crowe, an individual, Robert Fortier, an individual,<br><br>                      Defendants. | **Civil Action**<br><br>**Case No. 23-CV-6059 (JMW)** |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Avi Mermelstein
Arenson, Dittmar & Karban
420 Lexington Avenue, Suite 1402
New York, New York 10170
Tel: (212) 490-3600
Fax: (212) 682-0278
www.adklawfirm.com
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1
FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 1
LEGAL STANDARD.................................................................................................................... 2
ARGUMENT.................................................................................................................................. 2

    I.    THE COURT SHOULD DISMISS DEFENDANTS' COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THEY ARE NOT COMPULSORY, IN COMPLIANCE WITH RULE 8(a)(1), OR INTERTWINED WITH THE FLSA CLAIMS................................................................................................................. 2

        A.    The Counterclaims Require Independent Bases for Jurisdiction Because They Are Not Compulsory........................................................................................................................ 3

        B.    The Counterclaims Should Be Dismissed Because Defendants Have Failed to Assert an Independent Jurisdictional Basis for Them as Required by Rule 8(a)(1) ........................... 5

        C.    The Counterclaims Are Not Sufficiently Intertwined with the FLSA Claims Such that the Court Has Supplemental Jurisdiction............................................................................... 5

    II.    IF THE COURT HAS JURISDICTION OVER THE COUNTERCLAIMS, IT SHOULD DISMISS THEM BECAUSE THEY DO NOT STATE A CLAIM FOR RELIEF.......................................................................................................................................... 7

        A.    The Court Should Dismiss the Counterclaim for Embezzlement Because Embezzlement Is Not a Legally Cognizable Claim............................................................... 7

        B.    The Counterclaims Do Not Plausibly State a Claim for Relief Because They Are Not Pled with Particularity and Rely on Impermissible Group Pleading ...................................... 8

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 7

*Barrera v. FF & A Rest. Corp.*, No. 19 CV 2747 (RPK), 2021 WL 2142650 (E.D.N.Y. Mar. 29, 2021) ............................................................................................................................. 3, 6, 7

*Cicek v. Green Station Auto Servs. Inc.*, No. 23-CV-5448 (NJC) (ARL), 2024 WL 2258312 (E.D.N.Y. May 17, 2024) ............................................................................................ 4

*Cinar v. R&G Brenner Income Tax, LLC*, No. 20-CV-1362 (RPK) (JRC), 2024 WL 4224046 (E.D.N.Y. Sept. 18, 2024) ............................................................................................ 4

*Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232 (S.D.N.Y. 2015) ................ 2

*Johnson v. Corp. Express, Inc.*, No. 20-CV-4627 (LDH) (MMH), 2022 WL 992633 (E.D.N.Y. Mar. 31, 2022) ............................................................................................................. 4, 6, 7

*Jones v. Ford Motor Credit Co.,* 358 F.3d 205 (2d Cir.2004) ....................................................... 4

*Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281 (E.D.N.Y. 2022) .................. 7

*Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321 (2d Cir. 2011) .................................. 6

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167 (2d Cir. 2008) ............................................ 3

*Sunbear Sys. v. Schaffhauser*, No. 98 CIV. 1500 (AGS), 1998 WL 265239 (S.D.N.Y. May 26, 1998) ............................................................................................................................. 5

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239 (2d Cir. 2014) .................... 3

*Tigano v. United States*, 527 F. Supp. 3d 232 (E.D.N.Y. 2021) ..................................................... 3

*Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561 (2d Cir. 2016) ... 7

*Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947 (S.D.N.Y. Aug. 1, 2019) ............................................................................................................................. 4

*Wells Fargo Bank, Nat. Ass'n v. Davidson Kempner Cap. Mgmt. LLC*, 32 F. Supp. 3d 436 (S.D.N.Y. 2014) .................................................................................................................. 2

*United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) .................. 6

*United States v. Krieger*, 773 F. Supp. 580 (S.D.N.Y. 1991) ......................................................... 5

*Underwood v. Roswell Park Cancer Inst*., No. 15-CV-684-FPG, 2017 WL 1593445 (W.D.N.Y. May 2, 2017) ............................................................................................................................ 7

**STATUTES**

NYLL § 650 et seq. ......................................................................................................................... 1

28 U.S.C. § 1367 ......................................................................................................................... 5, 6

29 U.S.C. § 201 et seq. ................................................................................................................... 1

N.Y. Lab. Law. §§ 190 et seq. ........................................................................................................ 1

**RULES**

Fed. R. Civ. P. 12(b) ............................................................................................................... passim

Fed.R.Civ.P. 13 ............................................................................................................................... 3

Fed. R. Civ. P. 9(b) .................................................................................................................... 8–10

Fed. R. Civ. P. 8(a) ..................................................................................................................... 3, 5

## PRELIMINARY STATEMENT

Plaintiffs Jenna Hoschke ("Hoschke"), Devon Auerbach ("Auerbach"), Tara Inzinna ("Inzinna"), and Christina Rivera ("Rivera") (collectively, "Plaintiffs") brought this action against Defendants Belfast Gastro Pub Inc. ("Belfast"), David Crowe ("Crowe"), and Robert Fortier ("Fortier"), for Defendants' failure to pay the minimum wage, overtime wages, and spread of hours pay for work performed on Defendants' behalf, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law, N.Y. Lab. Law. §§ 190 et seq., § 650, et al. ("NYLL"). Plaintiffs further alleged that Defendants improperly withheld tips and failed to provide Plaintiffs with Wage Theft Protection Act ("WTPA") statements and notices in violation of the NYLL. Plaintiffs Hoschke and Inzinna now move for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and/or 12(h)(3) to dismiss Defendants' counterclaims for lack of subject matter jurisdiction. In the alternative, should the Court decide it has subject matter jurisdiction over the counterclaims, Plaintiffs move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing Defendants' counterclaims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, not including Rivera, filed the original complaint in this action on August 10, 2023. (ECF No. 1.) Defendants answered on October 9, 2023. (ECF No. 7.) Following stage one discovery and several ultimately unsuccessful efforts to settle the case, on December 11, 2024, Plaintiffs filed a First Amended Complaint (ECF No. 32, Mermelstein Dec. Ex 1 ["FAC"]). The FAC added Rivera as a plaintiff and added claims for retaliation under the FLSA and NYLL.

On January 10, 2025, Defendants responded to the FAC by filing an Answer with Counterclaims (ECF No. 33, Mermelstein Dec. Ex. 2 ["AWC"]). In the AWC, Defendants assert two counterclaims against Plaintiffs: one "under faithless servant" (*id*. ¶¶ 71–82) and one "for

embezzlement" (*id*. ¶¶ 83–84). In response, on January 31, 2025, Plaintiffs answered and asserted affirmative defenses to the counterclaims. (ECF No. 35.)

This case is currently in discovery, with party depositions due to be completed by September 9, 2025. (June 27, 2025 Order.) Over the course of May through July, Rivera and Auerbach have resolved their claims and the counterclaims against them by accepting Rule 68 Offers of Compromise (ECF Nos. 49, 55) and filing stipulations of discontinuance (ECF Nos. 56, 59).

## LEGAL STANDARD

"The legal standards of review for motions to dismiss and motions for judgment on the pleadings are indistinguishable." *Wells Fargo Bank, Nat. Ass'n v. Davidson Kempner Cap. Mgmt. LLC*, 32 F. Supp. 3d 436, 441 (S.D.N.Y. 2014), *aff'd sub nom. Wells Fargo Bank, Nat. Ass'n v. Bedford CMBS Acquisitions LLC*, 626 F. App'x 341 (2d Cir. 2015) (cleaned up). Plaintiffs' motion for partial judgment on the pleadings seeks to dismiss Defendants' counterclaims for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim pursuant. "Where a Rule 12(c) motion asserts that a court lacks subject matter jurisdiction, the motion is governed by the same standard that applies to a Rule 12(b)(1) motion" as is a Rule 12(h)(3) motion. *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015). "The standard of review on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same standard of review applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Id*. at 241. Plaintiffs discuss the standards for Rule 12(b)(1) and Rule 12(b)(6) motions below.

## ARGUMENT

I. **THE COURT SHOULD DISMISS DEFENDANTS' COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THEY ARE NOT**

**COMPULSORY, IN COMPLIANCE WITH RULE 8(a)(1), OR INTERTWINED WITH THE FLSA CLAIMS**

As noted above, Plaintiffs' motion to dismiss Defendants' counterclaims for lack of subject matter jurisdiction, is subject to the same standards as a motion made pursuant to Rule 12(b)(1). "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd,* 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). On a Rule 12(b)(1) motion, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.' *Tigano v. United States*, 527 F. Supp. 3d 232, 242 (E.D.N.Y. 2021) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

### A. The Counterclaims Require Independent Bases for Jurisdiction Because They Are Not Compulsory

A compulsory counterclaim is defined as: "any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed.R.Civ.P. 13(a). Any counterclaim not considered compulsory is considered "permissive." Fed.R.Civ.P. 13(b). While courts may adjudicate a compulsory counterclaim without an independent basis of jurisdiction over it, a permissive counterclaim is cognizable in federal court only if there is an independent basis of jurisdiction over it. *Barrera v. FF & A Rest. Corp.*, No. 19 CV 2747 (RPK), 2021 WL 2142650, at *4 (E.D.N.Y. Mar. 29, 2021), *report and recommendation adopted sub nom. Barrera v. F F & A Rest. Corp.*, No. 19-CV-2747 (RPK) (CLP), 2021 WL 2138875 (E.D.N.Y. May 25, 2021).

> [w]hether a counterclaim is compulsory or permissive turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, and this Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim. Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.

*Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 209 (2d Cir.2004) (cleaned up). Courts have consistently found that the fact that counterclaims arise out of the same employer-employee relationship as wage-and-hour claims does not make the counterclaims compulsory. *See, e.g., Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467–68 (S.D.N.Y. 2008) (faithless servant counterclaims not compulsory in wage-and-hour case). Numerous courts in this Circuit have found faithless servant counterclaims in wage-and-hour cases to be permissive rather than compulsory where the claims involved uniformly illegal compensation practices and the counterclaims were for discrete misconduct of individuals. *See id.*; *Johnson v. Corp. Express, Inc.*, No. 20-CV-4627 (LDH) (MMH), 2022 WL 992633, at *2–3 (E.D.N.Y. Mar. 31, 2022); *Cicek v. Green Station Auto Servs. Inc.*, No. 23-CV-5448 (NJC) (ARL), 2024 WL 2258312, at *4 (E.D.N.Y. May 17, 2024); *Cinar v. R&G Brenner Income Tax, LLC*, No. 20-CV-1362 (RPK) (JRC), 2024 WL 4224046, at *10 (E.D.N.Y. Sept. 18, 2024); *Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *4 (S.D.N.Y. Aug. 1, 2019). Here, multiple plaintiffs have alleged that Defendants maintained illegal policies that resulted in systemic wage-and-hour violations while Defendants have alleged personal misconduct unrelated to whether Defendants paid minimum wage, overtime, or illegally retained tips. The counterclaims here are therefore permissive and subject to dismissal unless Defendants meet their burden to establish that the Court has subject matter jurisdiction over them through an independent jurisdictional basis or otherwise.

### B. The Counterclaims Should Be Dismissed Because Defendants Have Failed to Assert an Independent Jurisdictional Basis for Them as Required by Rule 8(a)(1)

As a threshold matter, Defendants' failure to even assert a jurisdictional basis for their counterclaims mandates their dismissal under Rule 8(a)(1). Federal Rule of Civil Procedure 8(a) states: "A pleading that states a claim for relief *must* contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8 (emphasis added). Failure to comply with this requirement alone can be grounds for dismissal. *See Sunbear Sys. v. Schaffhauser*, No. 98 CIV. 1500 (AGS), 1998 WL 265239, at *1 (S.D.N.Y. May 26, 1998) (dismissing complaint for failure to state grounds for jurisdiction pursuant to Rule 8(a)(1)); *United States v. Krieger*, 773 F. Supp. 580, 589 (S.D.N.Y. 1991) (dismissing counterclaim for Rule 8(a)(1) deficiency). Here, not only have Defendants failed to provide a statement of the grounds for the Court's jurisdiction over their counterclaims, but, to the extent they mention jurisdiction at all it is to state that the Court lacks jurisdiction over Plaintiffs' NYLL claims. (AWC ¶¶ 62–64, 67, 69.) In light of Defendants' failure to state the grounds for the Court's jurisdiction over their state law counterclaims as mandated by Rule 8(a)(1), Defendants cannot meet their burden to establish a basis for subject matter jurisdiction over their counterclaims. The Court should therefore dismiss Defendants' counterclaims without further analysis.

### C. The Counterclaims Are Not Sufficiently Intertwined with the FLSA Claims Such that the Court Has Supplemental Jurisdiction

Even if Defendants' failure to comply with Rule 8(a)(1) were not dispositive of its counterclaims such that the Court considered whether it had supplemental jurisdiction over them, the Court should conclude that it lacks supplemental jurisdiction. 28 U.S.C. § 1367(a) gives district courts supplemental jurisdiction over only "other claims that are so related to claims in

the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims are part of the "same case or controversy" only if they "stem from the same 'common nucleus of operative fact.'" *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Unlike courts in other circuits that find a common nucleus of operative fact supported by a mere "loose factual connection" between the claims, courts in the Second Circuit "have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped ... [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014) (quoting *Achtman v. Kirby, McInerney & Squire LLP,* 464 F.3d 328, 335 (2d Cir. 2006)). "Numerous courts have declined to exercise supplemental jurisdiction over claims involving an employee's misconduct, including theft, when the only relationship between the plaintiff's FLSA claims and the counterclaims were the plaintiff's employment." *Barrera*, 2021 WL 2142650, at *6. Allegations of stealing food and drinks, credit card fraud, or stealing money from a cash register have been found insufficiently related to FLSA claims to establish supplemental jurisdiction. *See id.*; *Johnson*, 2022 WL 992633, at *3–4; *Garcia v. Three Decker Rest., Ltd.*, No. 22 CIV. 01387 (CM), 2023 WL 2969277, at *2 (S.D.N.Y. Apr. 17, 2023). By contrast, courts find supplemental jurisdiction where the counterclaims directly relate to the FLSA claims, such as by implicating the number of hours Plaintiffs worked. *See Barrera*, 2021 WL 2142650, at *7 (finding jurisdiction for counterclaim alleging that plaintiffs were using the restaurant as a personal recreational space and therefore not actually working during many of their supposed working hours).

Here, none of Defendants' claims are related to the issue of how many hours Plaintiffs actually worked. Instead, Defendants claim that Plaintiffs stole from them, committed a type of credit card fraud, or took food or drink from them. (AWC ¶¶ 72, 74, 77.) These are precisely the types of misconduct over which the *Barrera*, *Johnson*, and *Garcia* courts found no supplemental jurisdiction to exist. The Court therefore does not have supplemental jurisdiction over the counterclaims.

## II. IF THE COURT HAS JURISDICTION OVER THE COUNTERCLAIMS, IT SHOULD DISMISS THEM BECAUSE THEY DO NOT STATE A CLAIM FOR RELIEF

Should the Court decide it has jurisdiction over the counterclaims, it should nonetheless dismiss them for failure to state a claim. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." *Id.* at 678, 129 S.Ct. 1937. A counterclaim is facially plausible when "the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [original claimant] is liable for the misconduct alleged." *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 286 (E.D.N.Y. 2022) (quoting *Iqbal* at 663).

### A. The Court Should Dismiss the Counterclaim for Embezzlement Because Embezzlement Is Not a Legally Cognizable Claim

Defendants' second counterclaim against Plaintiffs "for embezzlement" must be dismissed because it fails to state a cognizable claim. Embezzlement is a violation of a criminal statute for which there is no express or implied private right of action. *See Zamora v. JPMorgan Chase Bank, N.A.*, No. 14CV5344, 2015 WL 4653234, at *2 (S.D.N.Y. July 31, 2015), *aff'd sub nom. Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622 (2d Cir. 2020); *Hongying Zhao v. JPMorgan Chase & Co.*, No. 17 CIV. 8570 (NRB), 2019 WL 1173010, at *9 (S.D.N.Y. Mar. 13, 2019). Because such a claim alleges a criminal offense, it does not constitute a valid civil claim and must be dismissed. *See Dollar Tree Stores, Inc. v. Serraty*, No. CV166818DRHAYS, 2018 WL 1180165, at *12 (E.D.N.Y. Feb. 14, 2018), *report and recommendation adopted*, No. 16-CV-6818(DRH)(AYS), 2018 WL 1175159 (E.D.N.Y. Mar. 6, 2018); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 401 (E.D.N.Y. 2013) (stating that a claim of extortion "is patently frivolous as extortion is a criminal offense and may not be pled as a separate cause of action in a civil case") (cleaned up). The Court should therefore dismiss Defendants' counterclaim for embezzlement.

### B. The Counterclaims Do Not Plausibly State a Claim for Relief Because They Are Not Pled with Particularity and Rely on Impermissible Group Pleading

#### 1. Defendants' counterclaim for breach of duty of loyalty does not satisfy the applicable heightened pleading standard of Rule 9(b)

Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. "Rule 9(b) extends to all averments of fraud or mistake, whatever may be the theory of legal duty—statutory, common law, tort, contractual, or fiduciary." *Frota v. Prudential-Bache Sec., Inc.*, 639 F. Supp. 1186, 1193 (S.D.N.Y. 1986). Rule 9(b) has been applied to a faithless servant counterclaim where it "mirrors the very elements of a cause of action for fraud—a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Rubio v. BSDB Mgmt. Inc.*, No. 19-CV-11880 (VSB),

2021 WL 102651, at *4–5 (S.D.N.Y. Jan. 12, 2021). The Second Circuit "has read Rule 9(b) to require that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (cleaned up).

Here, the core of Defendants' counterclaim for breach of duty of loyalty under the faithless servant doctrine mirrors a fraud claim as it rests on alleged misrepresentations and omissions made by Plaintiffs upon which Defendants claim to have reasonably relied. (AWC ¶ 79.) The phrase "misrepresentations and omissions" in paragraph 79 of the AWC appears to refer to the allegations that Plaintiffs were improperly reporting the status of items as authorized to be given to the customer without payment when, in fact, the customer should have been required to make payment on those items. (AWC ¶¶ 72–76.) Therefore, Rule 9(b) applies to that counterclaim.

Defendants' counterclaim for breach of duty of loyalty does not satisfy the heightened pleading standard of Rule 9(b). The allegations give no specifics about when or where the alleged behavior occurred, referring only to the "period that Plaintiffs were employed by Defendants." (*Id*. ¶¶ 72, 77.) Nor do the allegations specify customers about whom the misrepresentations were made. Indeed, the counterclaim allegations are entirely devoid of a specific example of any of the alleged misrepresentations or omissions. Defendants' counterclaim for breach of duty of loyalty therefore lacks the particularity required by Rule 9(b) and thus should be dismissed. *See Rubio*, 2021 WL 102651, at *5 (finding counterclaim under faithless servant lacked particularity required by Rule 9(b) where "Defendants allege no facts…describing when, where, or in relation to whom the reports were made").

2. **Defendants' counterclaims do not even satisfy the pleading standard of Rule 8 because they lump all plaintiffs together**

Rule 9(b) aside, Defendants counterclaims still fail to state a claim under the more lenient standard of Rule 8. "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *In re Platinum-Beechwood Litig.*, 427 F.Supp. 3d 395, 438 (S.D.N.Y. 2019) (cleaned up). "Accordingly, where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211 (NRB), 2020 WL 2748248, at *2–3 (S.D.N.Y. May 27, 2020).(citing *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 Fed. App'x 19 (2d Cir. 2013)). "Plaintiffs cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct." *Id.*; *see also Nesbeth v. N.Y.C. Mgmt. LLC*, 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019) ("[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes" under Rule 8 (quotation marks omitted)).

Defendants' counterclaims lump all Plaintiffs together without specifying which plaintiff engaged in what misconduct. (AWC ¶¶ 71–84.) Nor do the counterclaims give any specifics about when the alleged behavior occurred or how often it occurred, referring only to the "period that Plaintiffs were employed by Defendants." (*Id*. ¶¶ 72, 77.) As Plaintiffs were employed at different, though somewhat overlapping, periods of time, mostly for periods of approximately two years, the time period in question is vague and does not provide a "plausible factual basis to distinguish" their conduct. (First Amended Complaint ["FAC"], ECF No. 32, ¶¶ 7, 10, 13, 17.) Nor do the counterclaims provide any specifics as to the customers involved or even the type of

customers (bar or table) that would provide notice to particular plaintiffs who worked as bar tenders or servers. Indeed, the counterclaim allegations are entirely devoid of a specific example of any of the alleged behavior. By lumping plaintiffs/counter defendants together for pleading purposes and providing no plausible factual basis to distinguish the conduct of each of the counter defendants, Defendants' counterclaim allegations do not satisfy the pleading requirements of Rule 8. *See Bardwil*, 2020 WL 2748248, at *3; *Nesbeth*, 2019 WL 110953, at *3. Moreover, by failing to provide specifics about the timing, location, or frequency of the alleged behavior, or by providing even one concrete example, Defendants fail to plead the information necessary to plausibly state a claim. Therefore, because Defendants' counterclaims do not state a claim for relief, the Court should dismiss Defendants' counterclaims.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion should be granted.

Dated: July 31, 2025
      New York, New York

Respectfully submitted,

/s/ Avi Mermelstein
Avi Mermelstein
Arenson, Dittmar & Karban
420 Lexington Ave. Suite 1402
New York, New York 10170
Tel: (212)490-3600
avi@adklawfirm.com
*Attorneys for Plaintiffs*

**CERTIFICATE PURSUANT TO LOCAL CIVIL RULE 7.1**

Pursuant to Local Civil Rule 7.1 and the Court's Individual Practice Rules, I, Avi Mermelstein, certify that the foregoing memorandum of law complies with Local Civil Rule 7.1 and Rule 3.C.2, as it contains 3,363 words excluding the caption and signature block.

Dated:   New York, NY
         July 31, 2025

>                                    By: <u>S/Avi Mermelstein</u>
>                                    Avi Mermelstein
>                                    ARENSON, DITTMAR & KARBAN
>                                    420 Lexington Avenue, Suite 1402
>                                    New York, NY 10170
>                                    (212) 490-3600
>                                    avi@adklawfirm.com
>                                    *Counsel for Plaintiff*