UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

JENNA HOSCHKE, DEVON AUERBACH, TARA
INZINNA, and CHRISTINA RIVERA,

                                Plaintiffs,

-against-

                          Case No. 23-cv-06059-JMW

BELFAST GASTRO PUB INC., DAVID
CROWE, an individual, ROBERT FORTIER,
an individual,

                         **Oral Argument Requested**

                        Defendants.

--------------------------------------------------------------------X

<br>

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................................iii-iv

STATEMENT OF FACTS ............................................................................................... 1-3

PROCEDURAL HISTORY .............................................................................................. 3-5

ARGUMENTS

    I.    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS THERE IS NO LONGER AN ACTIVE CASE OR CONTROVERSY IN THIS MATTER AS THE PLAINTIFFS' HAVE BEEN MADE WHOLE AS A RESULT OF THE NEW YORK STATE DEPARTMENT OF LABOR AUDIT………………………….….. 5-7

        A.  PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING AS THEY WERE RENDERED MOOT BY VIRTUE OF THE NEW YORK STATE DEPARTMENT OF LABOR AUDIT ……………………………………………………………………..7-8

        B.  THIS COURT SHOULD GIVE DEFERENCE TO THE FINDINGS OF THE NEW YORK STATE DEPARTMENT OF LABOR ……………………………………………….…….8-10

    II.    PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFFS' COMPLAINT FAILS TO ESTABLISH ARTICLE III STANDING AS THEY DO NOT ALLEGE ANY DOWNSTREAM INJURY DUE TO AN ALLEGED LACK OF ACCURATE NOTICES..…………..10-11

    III.    PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE A CLAIM UNDER FLSA FOR WHICH RELIEF CAN BE GRANTED, DEPRIVING THIS COURT OF ORIGINAL JURISDICTION………………………………..………11

    IV.    PLAINTIFF'S EIGHTH AND NINTH CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS THE NYLL AND FLSA PERMIT AN EMPLOYER TO DEDUCT THE CREDIT CARD TRANSACTION FEE FROM CREDIT CARD TIPS AND DO NOT REQUIRE ADMINISTRATIVE FEES FOR BANQUETS TO BE SHARED WITH TIPPED EMPLOYEES ...……………12-13

    V.    THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS AS THERE ARE NO ISSUES OF MATERIAL FACT THAT REMAIN TO REQUIRE A TRIAL HEREIN ….....…….13-14

        A.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT RENDERED IN THEIR FAVOR AND AGAINST PLAINTIFFS ON THEIR FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION AS HAVE ALREADY RECEIVED EVERYTHING THEY ARE OWED UNDER THE NYLL AND FLSA...............................................................14-15

i

B.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR ON PLAINTIFFS' CLAIMS OF UNLAWFUL TIP RETENTION…………………………..15-17

C.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR ON PLAINTIFFS' CLAIM OF RETALIATION ………………………………..17-19

CONCLUSION………………………………………………………………………………...…19

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

*Baiju v. U.S. Dep't of Lab.,*
  *2014 WL 349295 (E.D.N.Y. 2014)* ............................................................................... 9
*Barney v. Consol. Edison Co. of N.Y.,*
  *391 F. App'x 993 (2d Cir. 2010)* ......................................................................... 17, 18
*Casillas v. Madison Avenue Assocs., Inc.,*
  *926 F.3d 329 [7th Cir. 2019]* ................................................................................... 6
*Celotex Corp. v. Catrett,*
  *477 U.S. 317 (1986)* ............................................................................................... 12
*Citizens Bank of Clearwater v. Hunt,*
  *927 F.2d 707 (2d Cir. 1991)* ............................................................................ 13, 15
*Davis v. Federal Election Comm'n,*
  *554 U.S. 724 (2008)* ................................................................................................. 6
*Flick v. Am. Fin. Res., Inc.,*
  *907 F. Supp. 2d 274 (E.D.N.Y. 2012)* ................................................................... 18
*Gamero v. Koodo Sushi Corp.,*
  *272 F.Supp.3d 481 (S.D.N.Y. 2017)* ....................................................... 12, 15, 16
*Genesis Healthcare Corp. v. Symczyk,*
  *569 U.S. 66 (2013)* ............................................................................................... 7, 8
*Gutherie v. Rainbow Fencing Inc.,*
  *113 F.4th 300, 304-305 (2d Cir. 2024)* .................................................................. 10
*In re Kurtzman,*
  *194 F.3d 54 (2d Cir. 1999)* .................................................................................. 7, 8
*Jaramillo v. Weyerhaeuser Co.,*
  *536 F.3d 140 (2d Cir. 2008)* ................................................................................. 12
*Jimenez v. Green Olive Inc.,*
  *744 F.Supp.3d 221, 239 (E.D.N.Y. 2024)* ............................................................... 6
*Lewis v. Continental Bank Corp.,*
  *494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)* .......................................... 6
*Lively v. WARFA Inv. Advisory Grp.,*
  *6 F.4th 293 (2d Cir. 2021)* ...................................................................................... 5
*Lujan v. Defenders of Wildlife,*
  *504 U.S. 555 (1992)* ............................................................................................ 6, 7
*Nat. Res. Def. Council, Inc. v. F.A.A.,*
  *564 F.3d 549 (2d Cir. 2009)* ................................................................................... 8
*Perez v. G & P Auto Wash Inc.,*
  *930 F. Supp. 2d 423 (E.D.N.Y. 2013)* ................................................................... 17
*Pythagoras Gen. Contracting Corp. v. U.S. Dep't of Lab.,*
  *926 F. Supp. 2d 490 (S.D.N.Y. 2013)* ................................................................. 8, 9
*Scotto v. Almenas,*
  *143 F.3d 105 (2d Cir. 1998)* ................................................................................. 12
*Spokeo, Inc. v. Robins,*
  *578 U.S. 330 (2016)* ..................................................................................... 6, 7, 10

*State Farm Mutual Insurance Company v. Ricciardi,*
  2025 WL 1363987 (2d Cir. 2025) ................................................................. 6
*TransUnion LLC. v. Ramirez,*
    594 U.S. 413 (2021) ...................................................................................6
*Ward v. Bank of New York,*
  455 F. Supp. 2d 262 (S.D.N.Y. 2006) ......................................................... 7
*Weinstock v. Columbia Univ.,*
  224 F.3d 33 (2d Cir. 2000) ........................................................................ 12
*Weiss v. La Suisse, Societe D'Assurances Sur La Vie,*
  293 F.Supp.2d 397 (S.D.N.Y. 2003) ......................................................... 12
*Zappia Middle E. Construction Co. v. Emirate of Abu Dhabi,*
  215 F.3d 247 (2d Cir. 2000) ........................................................................ 5

**Statutes**

*5 U.S.C. § 706* ................................................................................................ 8
Article III U.S.C. ................................................................................. 5, 6, 7, 10
*NYLL §195* ............................................................................................... 10-11
*NYLL §196-d* ................................................................................................ 14
*NYLL §215* .................................................................................................... 16

**Rules**

*FRCP 12(b)(1)* ......................................................................................... 6, 16
*FRCP 12(c)* ................................................................................................. 5, 6
*FRCP 56* ...................................................................................................... 4, 16
*FRCP 56(a)* ............................................................................................. 10, 12
*Rule 12(b)(6)* .................................................................................................. 5

**Regulations**

*12 N.Y.C.R.R. § 146–2.20* ....................................................................... 12, 13

## STATEMENT OF FACTS

Defendant, BELFAST GASTRO PUB INC. ("BELFAST"), is an Irish American gastropub located in Lindenhurst, New York that also has a small banquet facility. *(See First Amended Complaint, attached hereto as Exhibit "N", ¶27; Declaration of David Crowe, ¶3, attached hereto)* Defendant, DAVID CROWE ("CROWE"), is a native of Ireland and is the owner of BELFAST. *(See Declaration of David Crowe, ¶3, attached hereto)*

Prior to opening BELFAST, Defendant-CROWE and BELFAST's management team met with Defendant-CROWE'S corporate accountant, Erica Caledron, to be advised on the current local, state and federal labor laws among other things. *(See Declaration of David Crowe, ¶¶3-4, attached hereto; Declaration of AnneMarie Fragkoulis, ¶2, attached hereto)* Defendants relied on Ms. Caledron's advice to comply with all local, state and federal labor laws in good faith. *(Id.)*

BELFAST opened its doors on or about March 5, 2021. *(See Declaration of David Crowe ¶3, attached hereto; Declaration of Anne Marie Fragkoulis, ¶2, attached hereto)* At the time BELFAST opened its doors in March 2021, Brian Gems was the General Manager and Anne Marie Fragkoulis was the Banquet Manager. *See Declaration of David Crowe, ¶3, attached hereto; Declaration of Anne Marie Fragkoulis, ¶¶2-3, attached hereto)*

Plaintiff, JENNA HOSCHKE ("HOSCHKE"), was employed as a restaurant waitress at BELFAST from March 2021 until May 2023. *(See Exhibit N, ¶7; Declaration of David Crowe, ¶5, attached hereto; Hoschke's Payroll and Time Records, attached hereto as Exhibits "A").* Plaintiff, TARA INZINNA ("INZINNA"), was employed as a restaurant waitress at BELFAST from March 2021 until July 2023. *(See Exhibit N, ¶13; Declaration of David Crowe, ¶6, attached hereto; Inzinna's Payroll and Time Records, attached hereto as Exhibits "C")* Neither

Plaintiff was hired as a banquet server, and the Plaintiffs only worked two (2) catered events during their entire employment by BELFAST, one of which was the funeral for a co-worker's mom and the other was a political fundraiser. *(See Declaration of David Crowe, ¶¶19-20, attached hereto; Affirmation of AnneMarie Fragkoulis, ¶¶10-11, attached hereto)*

During the entire time Plaintiffs worked at BELFAST, Plaintiffs were paid an hourly rate in excess of the federal minimum wage for a tipped employee of $2.13 per hour for straight time and $3.20 per hour for overtime. *(See Exhibit N, ¶¶ 9 and 15; Declaration of David Crowe, ¶17, attached hereto)* During the entire period that she worked for BELFAST, Plaintiff-HOSCHKE never worked ten or more hours in one day. *(See Exhibit A; Declaration of David Crowe, ¶5, attached hereto)* During the entire period that she worked for BELFAST, Plaintiff-HOSCHKE never worked more than forty (40) hours in one week. *(See Exhibit A; Declaration of David Crowe, ¶5, attached hereto)* During the entire time Plaintiffs worked at BELFAST, Plaintiffs received their pro rata share of the cash gratuities paid by customers regardless of whether they worked in the restaurant or for a catered event. *(See Declaration of David Crowe, ¶19, attached hereto; Affirmation of AnneMarie Fragkoulis, ¶¶8-11)* During the entire time Plaintiffs worked at BELFAST, Plaintiffs received their pro rata share of the tip gratuities paid by customers, less the 3% credit card transaction fee permitted to be deducted therefrom as a matter of law, regardless of whether they worked in the restaurant or for a catered event. *(See Declaration of David Crowe, ¶19, attached hereto; Affirmation of AnneMarie Fragkoulis, ¶¶8-11)* Plaintiff-HOSCHKE was fired by BELFAST in May 2023 for stealing. *(See Declaration of David Crowe, ¶11; Spotter Report, attached hereto as Exhibit "D"; Hoschke's Point-of-Sale System Records, attached hereto as Exhibit "E")* Plaintiff-INZINNA was fired by BELFAST in July 2023 for

stealing. *(See Declaration of David Crowe, ¶11; Exhibit D; Inzinna's Point-of-Sale System Records, attached hereto as Exhibit "F")*

After INZINNA was terminated for stealing, she sent a text message to Defendants, CROWE and ROBERT FORTIER ("BOBBY") to thank them for everything that they did for her during the two years she worked at BELFAST. *(See Text Message from Inzinna to David Crowe, dated July 18, 2023, attached hereto as Exhibit "H"; Text Message from Inzinna to Robert Fortier, dated July 18, 2023, attached hereto as Exhibit "I")*

## PROCEDURAL HISTORY

Plaintiffs commenced this action on August 18, 2023 alleging failure to pay minimum wage under the FLSA and NYLL, failure to pay overtime under the FLSA and NYLL, failure to pay spread of hours pay under the NYLL, failure to provide the notices required by the Wage Theft Prevention Act, and unlawful wage deduction as a result of Defendants deducting the 3% credit card surcharge from credit card tips. *(See Complaint, dated August 10, 2023, Doc. No. 1)* On February 18, 2024, Plaintiffs filed a Complaint with the New York State Department of Labor ("NYS DOL") making the precise same claims made in this action. *(See Exhibit N, ¶¶49-51; Declaration of David Crowe, ¶14, attached hereto; New York State Department of Labor Notice of Revisit, dated February 21, 2024, attached hereto as Exhibit "J"; Letter with Amended Recapitulation Sheet, attached hereto as Exhibit "K")* On December 11, 2024, Plaintiffs filed their First Amended Complaint wherein they added an additional Plaintiff, realleged the foregoing claims, and added three new claims, to wit: alleged unlawful retention of banquet administrative fees and retaliation under the FLSA and NYLL. As to the Plaintiffs retaliation claims, they alleged for the first time that Defendants supposedly fired them in May and July 2023 in retaliation for a labor law audit that was not filed until February 18, 202**4**. *(See Exhibit*

*N, ¶¶49-57)* On January 10, 2025, Defendants filed an Answer to Amended Complaint asserting twenty Affirmative Defenses and two Counterclaims for Faithless Servant and Embezzlement. *(See Exhibit "T", ¶¶32-84)*

Defendants fully complied with the NYS DOL audit and provided the NYS DOL with 1,305 pages of records which took the NYS DOL approximately one year to review and evaluate. *(See Declaration of David Crowe, ¶28, attached hereto; Exhibits J and K; Letter to the NYS DOL tendering payment, attached hereto as Exhibit "L"; Email from the NYS DOL thanking Defendants for compliance and acknowledging that the file was closed, attached hereto as Exhibit "M")* The audit period was from February 18, 2021 to February 18, 2024, or the entire period that Plaintiffs worked for BELFAST. *(See Exhibit K, pp. 1, 3, 15, 24)* After spending one (1) year reviewing Defendants' books and records, the NYS DOL determined what, if anything, was due to Plaintiffs and all BELFAST employees for unpaid overtime, unpaid minimum wages, liquidated damages, civil penalties and failure to provide Wage Statements and Notices. *(See Exhibit K, pp. 1-3, 5, 8-23, 25-26)* The New York State Department of Labor also "computed additional wages due to [Defendants'] employees based on their statements of hours worked (shifts) or actual times noted, and wages per shift paid of Weekly Salary." *(See Exhibit K, p. 2)*

On or about March 7, 2025, Defendants remitted payment to the New York State Department of Labor for all sums the New York State Department of labor deemed due to the Plaintiffs herein. *(See Exhibit L)* Both Plaintiffs participated in and were compensated fully as a result of the audit. *(See Exhibit K)* Plaintiff-HOSCHKE received $8,662.50 for unpaid minimum wage, overtime, spread of hours, Wage Statements and Notices, and Liquidated Damages. *(See Exhibit K, p. 15)* Plaintiff- INZINNA received $26,902.50 for unpaid minimum

wage, overtime, spread of hours, Wage Statements and Notices, and Liquidated Damages. *(See Exhibit K, p. 15)*

Defendants tendered Rule 68 Offers of Judgment to each Plaintiff in this and two related matters as an Offer of Compromise as Defendants contend that there is no active case or controversy herein as a result of the audit. Both related matters have fully been resolved and two of the four Plaintiffs in this matter, to wit: DEVON AUERBACH and CHRISTINE RIVERA, have accepted Defendants Offer of Judgment. Thus, only the claims of Plaintiffs-HOSCHKE and INZINNA remain.

No prior request for the relief sought herein has been made.

## ARGUMENTS

A motion made pursuant to *FRCP 12(b)(1)* challenging a plaintiff's standing must be granted unless the plaintiff alleges sufficient facts to plausibly satisfy Article III's standing requirements to protect the federal courts from being utilized to bring claims of speculation and conjecture. *Lujan, supra at 560–61.* When faced with a motion under *FRCP 12(b)(1)* to dismiss for lack of subject matter jurisdiction, the court need not accept contested jurisdictional allegations, but rather the court is permitted to resolve disputed jurisdictional facts by reference to matters outside the pleadings. *Ward, supra; see e.g., Zappia Middle E. Construction Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).*

A motion made pursuant to *FRCP 12(c)* demands judgment on the pleadings and is subject to the exact standard as a *Rule 12(b)(6)* motion. *Lively v. WARFA Inv. Advisory Grp., 6 F.4th 293, 301-02 (2d Cir. 2021).* Such motion will be granted where the plaintiff's complaint fails to state a claim for relief that is plausible based on the face of the pleadings. *Id.* Dismissal under *FRCP 12(c)* is appropriate where "judgment on the merits is possible merely by

considering the pleadings." _State Farm Mutual Insurance Company v. Ricciardi_, 2025 WL 1363987, at *6 (2d Cir. 2025).

I. **PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS THERE IS NO LONGER AN ACTIVE CASE OR CONTROVERSY IN THIS MATTER AS THE PLAINTIFFS' HAVE BEEN MADE WHOLE AS A RESULT OF THE NEW YORK STATE DEPARTMENT OF LABOR AUDIT**

This Court's subject matter jurisdiction is limited by Article III, §2, of the United States Constitution to actual cases and controversies. _TransUnion LLC. v. Ramirez_, 594 U.S. 413, 423 (2021). As such, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." _TransUnion LLC_, _supra_ at 427 (_quoting_ _Casillas v. Madison Avenue Assocs., Inc._, 926 F.3d 329, 332 [7th Cir. 2019]). Article III standing requires a plaintiff to allege (i) that she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. _TransUnion LLC_, _supra_ at 436, _citing_ _Lujan v. Defenders of Wildlife_, 504 U.S. 555, 560-561 (1992). A plaintiff does not automatically satisfy the injury-in-fact requirement by alleging a statutory violation absent some concrete injury or downstream harm. _TransUnion LLC_, _supra_ at 414. Indeed, "[a]n injury in law is not an injury in fact." _Id_. "A 'concrete' injury must be '_de facto_'; that is, it must actually exist. _Spokeo, Inc. v. Robins_, 578 U.S. 330, 340 (2016).

To maintain standing, a plaintiff must maintain a personal stake in the outcome throughout all stages of the litigation and must have standing for each claim he asserts. _TransUnion LLC_, _supra_ at 431; _Davis v. Federal Election Comm'n_, 554 U.S. 724, 733-734 (2008); _Jimenez v. Green Olive Inc._, 744 F.Supp.3d 221, 239 (E.D.N.Y. 2024). "[I]t is not enough that a dispute was very much alive when suit was filed" as the plaintiff must have a

"personal stake in the outcome" of the lawsuit each step of the way.  _Lewis v. Continental Bank Corp._, 494 U.S. 472, 477–478 (1990) (_citing Los Angeles v. Lyons_, 461 U.S. 95, 101 (1962)). The burden is upon the Plaintiff to establish that Article III standing exists and the showing that must be made to withstand dismissal for lack of standing increases as the case progresses. _See Lujan at 561._ Moreover, each element must be supported in the same manner and each allegation the Complaint must separately assert a basis for Article III standing to withstand dismissal. _Id._

When a plaintiff has been awarded and received complete relief, or where "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." _Genesis Healthcare Corp. v. Symczyk_, 569 U.S. 66, 68, 71–72 (2013) (_citing Lewis_, _supra_ at 477–478); _Ward v. Bank of New York_, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006).  A case likewise becomes moot when it is impossible for the Court to grant any relief to the prevailing party.  _In re Kurtzman_, 194 F.3d 54, 58 (2d Cir. 1999); _Lujan_, _supra._  Under these circumstances, the case must be dismissed due to lack of subject matter jurisdiction.  _See Rule12(b)(1); Article III, §2; Lujan_, _supra_; _Spokeo_, _supra._

### A.  PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING AS THEIR CLAIMS WERE RENDERED MOOT BY VIRTUE OF THE NEW YORK STATE DEPARTMENT OF LABOR AUDIT

Plaintiffs no longer have Article III standing in this case as no active case or controversy remains since Plaintiffs' claims were rendered moot by the NYS DOL audit the result of Plaintiffs were paid for any and all sums deemed due them under the more protective NYLL for the entire period that Plaintiffs worked for BELFAST. _(See Exhibit K, pp. 1, 3, 15, 24)_  Indeed, the NYS DOL audit evaluated minimum wage based upon the higher NYLL rate for a tipped employee, overtime pay, spread of hours pay, liquidated damages, and any claims under the

Wage Theft Prevention Act. *(See Exhibit K, pp. 2, 3, 5, 25, 26)* At the conclusion of the NYS DOL's year long audit, they made a determination as to what, if anything, Plaintiffs were entitled to under the more protective NYLL and BELFAST tendered payment therefore. *(See Exhibits K-M)* Accordingly, Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action in the Amended Complaint have been rendered moot by the NYS DOL Audit. *See Genesis Healthcare Corp., supra at 68, 71–72, citing Lewis, supra at 477–478; Ward, supra at 267; see also In re Kurtzman, supra at 58; Lujan, supra.* As the controversy raised in the foregoing causes of actions were rendered moot as a result of the NYS DOL audit, dismissal of such claims for lack of subject matter jurisdiction is proper. *Id.* Indeed, the Court herein cannot remedy Plaintiffs' alleged injuries as they have already been remedied by the NYS DOL. *Lujan, supra at 569.*

### B. THIS COURT SHOULD GIVE DEFERENCE TO THE FINDINGS OF THE NEW YORK STATE DEPARTMENT OF LABOR

When reviewing an administrative agency's ruling, the court must apply the "arbitrary and capricious standard" set forth in the *Administrative Procedures Act § 706*. *Pythagoras Gen. Contracting Corp. v. U.S. Dep't of Lab., 926 F. Supp. 2d 490, 496 (S.D.N.Y. 2013)* A court "may set aside an agency's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Pythagoras Gen. Contracting, supra at 496*; *5 U.S.C. § 706(2)(A)*. Under this deferential standard of review, the Court may not substitute its own judgment for that of the agency. *Nat. Res. Def. Council, Inc. v. F.A.A., 564 F.3d 549, 555 (2d Cir. 2009); see also Pythagoras Gen. Contracting, supra at 496.* An administrative agency's decision should be deferred to, even where it is not perfectly clear, so long as it can be reasonably discerned how the agency arrived at its conclusion, the determination is rooted in substantial evidence, and there is no error of judgment. *Pythagoras Gen. Contracting, supra at 496.* "As long as the 'agency

examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action.'" _Baiju v. U.S. Dep't of Lab._, 2014 WL 349295, at *7 (E.D.N.Y. 2014).

Here, the NYS DOL spent one (1) year reviewing thousands of pages of Defendants' books and records and went into great detail in their report to explain their methodology as to how they computed wages owed and other penalties. _(See Exhibit K, pp. 2, 3, 4, 5)_ The NYS DOL explained how they calculated wages due for the first forty (40) hours of work, overtime wages, and spread of hours, and accounted for shift pay. _(See Exhibit K, pp. 2, 3, 4, 5)_ It even provided detailed examples demonstrating precisely how unpaid overtime, minimum wage, and spread of hours were calculated. _(See Exhibit K, pp. 2, 3, 4, 5)_ The audit lists the various sections of the New York Labor Law that were analyzed and included in the audit, including, but not limited to, those related to wage statements, meal periods, rest days, and hourly pay. _(See Exhibit K, pp. 5, 25-26)_ Moreover, to account for any gaps in the record, the NYS DOL "computed additional wages due to [the] employees based on their statements of hours worked (shifts) or actual times noted, and wages per shift paid, or Weekly Salary." _(See Exhibit K, p. 2)_

Accordingly, this Court should defer to the NYS DOL's findings as there is more than substantial evidence to support their decision and there is a rational connection to the facts and the determination made. _Pythagoras Gen. Contracting_, _supra_ at 496; _Baiju_, _supra_ at *7. Indeed, it can be reasonably ascertained how the NYS DOL arrived at its determination and there is no evidence of an error of judgment. _Pythagoras Gen. Contracting_, _supra_ at 496. Moreover, the NYS DOL, the agency that administers and enforces labor laws, is in the best position to review Defendants' books and records and determine what Plaintiffs were owed. Accordingly, this Court should defer to the NYS DOL's findings and accordingly dismiss the Plaintiffs' First,

Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action in the Amended

Complaint as they have been rendered moot by virtue of the NYS DOL audit.

**II.      PLAINTIFFS' FIFTH AND SIXTH CAUSES OF ACTION MUST BE DISMISSED AS A MATTER OF LAW AS PLAINTIFFS' COMPLAINT FAILS TO ESTABLISH ARTICLE III STANDING AS THEY DO NOT ALLEGE ANY DOWNSTREAM INJURY DUE TO AN ALLEGED LACK OF ACCURATE NOTICES**

Notwithstanding the NYS DOL audit, Plaintiffs' Fifth and Sixth Causes of Action

regarding violations under *NYLL §195* should be dismissed as a legislative body "cannot erase

Article III's standing requirements by statutorily granting the right to sue to a plaintiff who

would not otherwise have standing." *Spokeo*, *supra* at *339.  Federal Courts have declined with

increasing frequency to exercise jurisdiction over a plaintiff's *NYLL §195* claims where the

plaintiff fails to allege any downstream harm as a consequence of these technical violations. *See*

*Gutherie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308-309 (2d Cir. 2024) (**"[W]e agree with**

**those district courts that have held that a plaintiff must show some casual connection between**

**the lack of accurate notices and the downstream harm");** *Spokeo*, *supra*.

This is particularly so where a plaintiff claims in one cause of action that lack of

accurate notices prevented her from knowing whether her rights were violated under the law,

which is directly contradicted by the employee's claims in other causes of action that she knows

that her rights were violated under the law and is seeking damages as a consequence thereof.

*See Gutherie*, *supra* at 304-305; *Jimenez*, *supra* at 238-239.

Here, Plaintiffs' Fifth and Sixth Causes of Actions must not only be dismissed as there is

no longer an active case or controversy, but they must also be dismissed as the Plaintiffs fail to

allege any downstream harm as a consequence of an alleged lack of accurate notices. *(See ¶¶39-*

*43, 83-90 in Exhibit N)*  Similarly, Plaintiffs make contradictory claims within their Amended

Complaint, claiming in their First, Second, Third and Fourth Causes of Action that they know their rights were violated under the law, but then claim in their Fifth and Sixth Causes of Action that they were allegedly unable to determine whether their rights were violated due to a lack of accurate notices. *(Compare ¶¶21 and 43 in Exhibit N).* As Plaintiffs fail to allege any downstream injury in fact as a result of alleged lack of accurate notices, Plaintiffs lack standing to assert any claims under *NYLL §195* in this Court and their Fifth and Sixth Causes of Action must be dismissed as a matter of law. *Jimenez, supra at 240*.

### III.    PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CAUSES OF ACTION UNDER FLSA FOR WHICH RELIEF CAN BE GRANTED, DEPRIVING THIS COURT OF ORIGINAL JURISDICTION

Plaintiffs' First and Second Causes of Action in the Amended Complaint under FLSA should be dismissed pursuant to *FRCP 12(c)* as Plaintiffs admit in their pleadings that they earned in excess of the federal minimum wage for a tipped employee. *(See Exhibit N, ¶¶ 9 and 15)* Indeed, the Amended Complaint states that Plaintiffs were paid $5.00 per hour, or $25.00 per shift for a single shift and $50.00 for a double shift. As $5.00 per hour, even if true, is more than double the FLSA minimum wage for a tipped employee of $2.13 per hour, Plaintiffs have no claims under the FLSA for minimum wage and overtime as a matter of law. *(Id.)* Plaintiffs do not allege that their total compensation including tips fell below the federal minimum wage for a tipped employee. Thus, Defendants are entitled to judgment on the pleadings with respect to Plaintiffs' First Cause of Action for unpaid minimum wage under FLSA. *Lively, supra at 301-302; State Farm, supra, at *6.*

**IV. PLAINIFF'S EIGHTH AND NINTH CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS THE NYLL AND FLSA PERMIT AN EMPLOYER TO DEDUCT THE CREDIT CARD TRANSACTION FEE FROM CREDIT CARD TIPS AND DO NOT REQUIRE ADMINISTRATIVE FEES FOR BANQUETS TO BE SHARED WITH TIPPED EMPLOYEES**

Plaintiffs incorrectly assert in their Eighth and Ninth Causes of Action that an employer may not deduct a credit card transaction fee from tipped gratuities and that an employer is required to share administrative fees for banquets with tipped employees, neither of which is true as a matter of law and, thus, Plaintiff's Eighth and Ninthe Causes of Action must be dismissed pursuant to *FRCP 12(c)*. (*See NYS DOL: Tips and Gratuities Frequently Asked Questions, https://dol.ny.gov/system/files/documents/2025/01/tips-and-gratuities-frequently-asked-questions.pdf, attached hereto as Exhibit "O"; US DOL Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA),https://www.dol.gov/agencies/whd/fact-sheets/15-tipped-employees-flsa, attached hereto as Exhibit "P")*

Under the NYLL, "[t]here is an exception to this prohibition on retaining gratuities when a customer tips on a credit card" carved in out *12 N.Y.C.R.R. § 146–2.20*. *Gamero v. Koodo Sushi Corp.*, 272 F.Supp.3d 481 (S.D.N.Y. 2017) "When tips are charged on credit cards, an employer is not required to pay the employee's pro-rated share of the service charge taken by the credit card company for the processing of the tip. The employer must return to the employee the full amount of the tip charged on the credit card, minus the pro-rated portion of the tip taken by the credit card company." *Id*.

Federal law has similar exceptions. According to the U.S. Department of Labor's website, "[u]nder the FLSA, when tips are charged on customers' credit cards and the employer can show that it pays the credit card company a percentage on such sales as a fee for payment

using a credit card, the employer may pay the employee the tip, less that percentage." *(See Exhibit P)*

As the NYLL and FLSA both permit an employer to deduct a credit card transaction fee from a credit card tip, Plaintiffs' Eighth Cause of Action has failed to state a claim upon which relief may be granted.

Plaintiffs' Ninth Cause of Action fairs Plaintiff no better as the NYLL and FLSA in the same FAQ sheets similarly state that an employer is not required to share any portion of an administrative fee for banquet events with a tipped employee where, as here, the customer is provided with notice in writing that this is an administrative fee and not a gratuity. In light of the foregoing Plaintiffs Eighth and Nineth Causes of Action do not state a claim upon which relief may be granted and must be dismissed accordingly.

### V. THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS AS THERE ARE NO ISSUES OF MATERIAL FACT THAT REMAIN TO REQUIRE A TRIAL HEREIN

Pursuant to *FRCP §56(a)*, a party is entitled to summary judgment where the party shows there is no genuine dispute as to any material fact. The moving party may satisfy this burden by "pointing out the absence of evidence to support the non-movant's claims." *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the moving party has met their burden, the non-moving party "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) *(citing Celotex Corp., supra at 322-23)*.  When opposing summary judgment, a party "may not rely on conclusory allegations or unsubstantiated speculation," as "unsupported allegations do not create

a material issue of fact." _Scotto v. Almenas_, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted); _Weinstock v. Columbia Univ._, 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted).  Indeed, the showing for standing increases as the suit proceeds and, at the summary judgment state, a "plaintiff can no longer rest on 'mere allegations,'" but must prove specific facts alleged.  _Lujan, supra at 561._  It is the opposing party's obligation to "lay bare his proof in evidentiary form and raise an issue of fact sufficient to send to the jury." _Weiss v. La Suisse, Societe D'Assurances Sur La Vie_, 293 F.Supp.2d 397, 408 (S.D.N.Y. 2003) (internal quotation marks and citations omitted).

A. **DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT RENDERED IN THEIR FAVOR AND AGAINST PLAINTIFFS ON THEIR FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION AS HAVE ALREADY RECEIVED EVERYTHING THEY ARE OWED UNDER THE NYLL AND FLSA**

Here, there is no genuine dispute that Plaintiffs have been paid everything they are entitled to, as determined by the entity in the best position to make such determination, the NYS DOL.  Indeed, the NYS DOL spent one (1) year reviewing 1,305 pages of Defendants' books records and determined all sums owed to Plaintiffs for their entire period of employment by BELFAST. _(See Exhibit K, ¶¶7, 13; Exhibit N)_  It may not be disputed that the NYS DOL determined what Plaintiffs were owed only after thoroughly analyzing unpaid minimum wage, overtime, spread of hours, wage statements, shift pay and liquidated damages. _(See Exhibit K, pp. 2, 3, 5, 25, 26)_  It likewise cannot be disputed that Defendants fully complied with the audit, and tendered payment to the NYS DOL on March 7, 2025.  _(See Exhibits L and M)_

Notwithstanding NYS DOL audit, Defendants are entitled to summary judgment with respect to Plaintiffs' cause of action for unpaid minimum wage under FLSA as Plaintiffs concede they earned more than double the federal minimum wage for a tipped employee in their Amended Complaint. _(Compare ¶¶ 9, 15 and 61 in Exhibit N)_  Indeed, the Amended Complaint Plaintiffs allege that they were paid $5.00 per hour, or $25.00 for a single shift and $50.00 for a

double shift, which is more than double the FLSA minimum wage.  *(Id*.)  Defendants are

likewise entitled to summary judgment with respect to Plaintiff, HOSCHKE'S, claims of spread

of hours and overtime as the records clearly show that Plaintiff, HOSCHKE, never worked ten

(10) or more hours in one (1) day or more than forty (40) hours in one (1) week, and is thus not

entitled to overtime or spread of hours pay.  *(See Exhibit A)*

Accordingly, there is no genuine dispute as to any material fact regarding the amounts

due to Plaintiffs with respect to their First, Second, Third, Fifth, Sixth and Seventh Causes of

Action.  *FRCP §56(a);* <u>*Citizens Bank of Clearwater,*</u> *supra at 710*.  There is likewise no genuine

dispute that Defendants remitted all sums due to Plaintiffs as a result of the NYS DOL audit and

that they have no continuing entitlement to damages. <u>*Id*</u>.  Accordingly, Defendants are entitled to

summary judgment in their favor and against Plaintiffs with respect to these causes of action.  <u>*Id*</u>.

### B.  <u>DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR ON PLAINTIFFS' CLAIMS OF UNLAWFUL TIP RETENTION</u>

Defendants are likewise entitled to summary judgment in their favor with respect to

Plaintiffs' causes of action sounding in unlawful tip retention under the FLSA and NYLL.  As

noted above, Plaintiffs incorrectly assert that, pursuant to *NYLL § 196-d* and FLSA, Defendants

are not permitted to retain any part of a gratuity or any charge purported to be a gratuity for an

employee.  Plaintiffs allege that Defendants deducting the 3% credit card transaction fee from

credit card tips is tantamount to an unlawful wage deduction, which it is not as a matter of law.

Indeed, *12 N.Y.C.R.R. § 146–2.20,* the guidance published by the NYS DOL and the relevant

precedent dictates that it is completely lawful for an employer to deduct a credit card transaction

fee from credit card tips. <u>*See*</u>  <u>*Gamero v. Koodo Sushi Corp.,*</u> *272 F.Supp.3d 481 (S.D.N.Y. 2017)*

***("[T]he 'narrow' and 'clear' language of 12 N.Y.C.R.R. Section 146–2.20 . . . permits***

***employers to withhold credit card processing fees from its employees' tips")***; *NYLL Fact Sheet*

*on Tips and Gratuitites, attached hereto as Exhibit O; FLSA Fact Sheet on Tips and Gratuities, attached hereto as P.*  As deducting the credit card transaction fee from credit card tips is completely lawful, it cannot be tantamount to an unlawful wage deduction as a matter of law and Defendants are entitled to summary judgment rendered in their favor and against Plaintiffs as a matter of law on their Eighth Cause of Action.

Plaintiffs' Ninth Cause of Action fairs them no better as they claim that they were damaged as BELFAST did not share any portion of the administrative fee charged for banquet events with the tipped employees, which is also not required as a matter of law. Moreover, Plaintiffs have no standing to make such a claim as they were restaurant servers, not banquet servers, so the foregoing would be irrelevant even if it were true.  *(See Affirmation of AnneMarie Fragkoulis, ¶¶9)*

Indeed, while there was a 20% administrative fee for each banquet or catering event, this is separate and apart from gratuities, and was compensation for the staff.  *(See Affirmation of AnneMarie Fragkoulis, ¶8, attached hereto; Declaration of David Crowe ¶20, attached hereto; Exhibits Q and R)*  Gratuities were entirely discretionary, and determined by the customer at the end of the event.  *Id*.  Plaintiffs only worked two banquets during their entire employment with BELFAST, including when they volunteered at an employee's mother's funeral and when they passed out appetizers at a political fundraiser.  *Id*.  At the end of said events, like all catering and banquet events, the customer left a discretionary tip which was divided evenly among the staff who worked the event, including Plaintiffs.  *(See Affirmation of AnneMarie Fragkoulis, ¶¶8, 10-11)*  Plaintiffs claim that Defendants confiscated tip money and services charges from banquets is entirely without merit.  Plaintiffs had no entitlement to an administrative fee intended to cover the restaurant costs, and Plaintiffs received the tips they were entitled to.

Accordingly, Defendants are entitled to summary judgment with respect to Plaintiffs' Tenth and Eleventh Causes of Action sounding in unlawful tip retention and said causes of action must be dismissed.

## C. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR ON PLAINTIFFS' CLAIM OF RETALIATION

Finally, Defendants are entitled to summary judgment in their favor with respect to Plaintiffs' causes of action sounding in retaliation under the FLSA and NYLL as there is no genuine dispute as to any material fact with respect to such claims. To establish a claim of retaliation under FLSA, a plaintiff must demonstrate that (1) the plaintiff participated in an activity protected by FLSA and such participation was known to the defendant; (2) there was an adverse employment action that disadvantaged the plaintiff; and (3) there must be a causal connection between the protected activity and the adverse employment action. _Perez v. G & P Auto Wash Inc.,_ 930 F. Supp. 2d 423, 436 (E.D.N.Y. 2013). The plaintiff bears the burden of proving that "retaliation was a substantial reason for the adverse employment action." _Barney v. Consol. Edison Co. of New York,_ 2009 WL 6551494, at *9 (E.D.N.Y. 2009), _aff'd sub nom. Barney v. Consol. Edison Co. of N.Y.,_ 391 F. App'x 993 (2d Cir. 2010). Similarly, the NYLL prohibits an employer from retaliating against an employee because such employee complained about NYLL violations or otherwise participated in an activity protected by the NYLL. _NYLL §215;_ _Flick v. Am. Fin. Res., Inc.,_ 907 F. Supp. 2d 274, 282 (E.D.N.Y. 2012).

Here, Plaintiffs have offered no evidence that they were terminated for participating in a protected activity. They never complained to any of the Defendants or anyone in a managerial position at BELFAST regarding improper or illegal pay practices. _(See Declaration of David Crowe ¶22, attached hereto)_ Furthermore, Plaintiffs claim for the first time in the Amended Complaint that they were supposedly terminated in May and July 2023 in retaliation for filing a

complaint with the NYS DOL nearly a year *after* they were terminated. *(Compare First Amended Complaint, ¶¶49-51, attached hereto as Exhibit N, with NYS DOL Notice of Revisit, dated February 21, 2024, attached hereto as Exhibit J)* This claim makes absolutely no sense.

Moreover, Defendants had a legitimate, non-retaliatory reason for the Plaintiffs termination, which defeats any claim to retaliation. *Barney, supra.* Plaintiffs were terminated for stealing from Defendants, consuming alcohol on the job, coming to work late and leaving early, voiding customer's checks to receive higher tips, failing to ring in food and drink items in exchange for higher tips, intentionally ringing in the wrong items in order to consume said food items, and consuming food and alcohol without repaying Defendants for the same. *(See Declaration of David Crowe, attached hereto; Exhibits B, D, E, F, G)*

Even absent the foregoing, Plaintiffs have produced zero evidence of any damages related to retaliation in discovery. Indeed, Plaintiffs produced no evidence during discovery that they suffered any economic damages, physical personal injury, physical pain and suffering, emotional distress, mental anguish, and other non-pecuniary losses, as alleged in the Amended Complaint. They similarly fail to produce any evidence that they made any attempted to mitigate their damages by searching for other similar employment, which would be easy to obtain as there are countless waitressing jobs on Long Island. Likewise, they failed to provide any medical or documentary proof to support their claims for physical personal injury, physical pain and suffering, emotional distress and mental anguish. Accordingly, there is no genuine dispute that Plaintiffs' Tenth and Eleventh Causes of Action are without merit and summary judgment should be granted in Defendants favor with respect to said claims.

## <u>CONCLUSION</u>

Accordingly, Defendants respectfully request that this Court grant Defendants' motion to dismiss Plaintiff's Amended Complaint under *FRCP 12(b)(1)* and *12(b)(c)* where Plaintiffs lack Article III standing to sue herein as their claims were rendered moot by the NYS DOL audit and where Plaintiffs' First Amended Complaint fails to state a cause of action upon which relief may be granted. Defendants alternatively request that this Court award summary judgment, under *FRCP 56,* in favor of Defendants and against Plaintiffs as there are no genuine issues of material fact which remain in a dispute to require a trial herein and the undisputed facts evidence that Defendants are entitled to judgment rendered in their favor as a matter of law.

Dated:  Uniondale, New York
        July 31, 2025

                        SAHN WARD BRAFF COSCHIGNANO PLLC
                        *Attorneys for Defendants*

                        By: _____
                            DANIELÉ D. DE VOE
                            HILLARY K. MASSEY
                        333 Earle Ovington Boulevard, Suite 601
                        Uniondale, New York 11553
                        (516) 228-1300

## CERTIFICATE OF COMPLIANCE

The Memorandum of Law complies with the word-count limitations set forth in §7.1 of the Local Rules of the EDNY as well as the Individual Part Rules of Magistrate James M. Wicks as said Memorandum of Law contains 5,929 words, excluding the parts of thereof that are exempted by such rule. The Memorandum of Law similarly complies with the typeface requirements and the typestyle requirements of such Rule as it has been prepared in proportionally spaced typeface using Word in 12-Point Times New Roman, double spaced.

Date:   Uniondale, New York
       July 31, 2025

SAHN WARD BRAFF COSCHIGNANO PLLC
*Attorneys for Defendants*

By: _____
      DANIELE D. DE VOE
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
(516) 228-1300